IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MILTON BROWN
a/k/a SULTAN IMMANUEL-EL-BEY,

    Petitioner,

v.    Civil No. 3:18CV418

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition ("§ 2254 Petition," ECF No. 1). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks

omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Petitioner has filed on a standardized form for filing a § 2254 petition, but has written "N/A" on many sections making it difficult to discern his state procedural history, or the nature of the claims he has raised in state court. Petitioner has also marked through any place the form stated "conviction" or "sentence," and replaced it with the word "kidnapping," making it difficult to discern what criminal conviction he is challenging. However, it does not appear that he has raised any of his claims in a civil action in state court or before the Supreme Court of Virginia. (*See, e.g.*, ECF No. 1, at 7–12.) Thus, the record fails to indicate that Petitioner has properly exhausted his state court remedies with respect to his four claims.

Accordingly, by Memorandum Order entered on July 2, 2018, the Court directed Petitioner to show cause as to why his § 2254 Petition should not be dismissed for lack of exhaustion. (ECF No. 4.) Petitioner has responded. (ECF No. 5.) Although a portion of his response contains the title, "Show Cause For Lack of Exhaustion" among many other titles, his submissions do not address whether he has properly exhausted any of his claims in the state courts. Rather his various submissions amount to nothing more than gibberish about his status as a Moorish American. (*See generally id.*) Petitioner fails to demonstrate that he has exhausted his state remedies. He also fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, Petitioner's § 2254 Petition and the action will be DISMISSED WITHOUT PREJUDICE.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue

2

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner fails to satisfy this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 7/30/18
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge